[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14238
Non-Argument Calendar

_____

D. C. Docket No. 93-00252-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACEY SLATER,
a.k.a. Papa,
a.k.a. Tray,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2009)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Tracey Slater appeals the district court's denial of his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), that was based on Amendment 706 to the Sentencing Guidelines. The district court denied his motion because Slater had previously received a substantial assistance downward departure that greatly reduced his sentence.

On appeal, Slater argues that the district court committed a procedural error because there is no evidence that, in denying his § 3582 motion, it calculated his amended guideline range and considered the relevant 18 U.S.C. § 3553(a) factors, as required by our decision in United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Slater adds that he attached to his motion a number of documents indicating his rehabilitation since his imprisonment, but the district court gave no indication that it considered those documents.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Under § 3582, a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

2

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S. G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment). The Commission also included a policy statement indicating that, if a defendant originally was sentenced to a below-guideline term of imprisonment, a proportional reduction in his sentence may be appropriate if his applicable guideline range was reduced by an amendment. U.S.S.G. § 1B1.10(b)(2)(B).

In determining whether to reduce a defendant's sentence, under § 3582, the district court must engage in a two-part analysis. Bravo, 203 F.3d at 780. First the

district court must calculate the defendant's amended guideline range and determine what sentence it would have imposed under this amended range. Id. Second, the district court must decide, after analyzing the § 3553(a) factors, whether to impose the amended sentence on the defendant. Id. at 781. The district court need not "articulate specifically the applicability--if any--of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

Upon review of the record and the parties' briefs, we discern that there is reversible error. Because the district court did not calculate Slater's amended guideline range (or the sentence that it would have imposed under the amended guideline range), and it is unclear, from the record, whether it considered the § 3553(a) factors, we hereby vacate and remand this case back to the district court to comply with Bravo.

**VACATED AND REMANDED.**

4