[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

No. 08-14468
Non-Argument Calendar

_____

D. C. Docket No. 99-00062-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL CEPHUS PINCKNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 27, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In June 1999, Earl Cephus Pinckney was sentenced pursuant to a plea of guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a) to a prison term of 240 months. In April 2008, Pinckney moved the district court pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. He asserted that the court should sentence him below any amended Guidelines sentence range based on the sentencing factors of 18 U.S.C. § 3553(a), the policy statements of U.S.S.G. § 1B1.10, and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court summarily denied his motion, and he appeals.[1]

Pinckney argues that he is entitled to § 3582 relief because his offense level was based on § 2D1.1, even though he was sentenced as a career offender under U.S.S.G. § 4B1.1, that the district court committed procedural error in denying his motion based on its erroneous belief that he had been sentenced as a career offender.

A district court may modify a term of imprisonment where the defendant's sentence is based on a Guidelines sentence range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction,

---

[1] In his brief, Pinckney argues that the court erred in denying his Fed. R. Civ. P. 60(b) motion some two months after it denied his § 3582(c)(2) motion. He did not appeal the Rule 60(b) ruling; therefore, it is not before us.

however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission"—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable sentence range. U.S.S.G. § 1B1.10(a)(2)(B).

A defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1, such as the career offender provision of § 4B1.1, is precluded from receiving a sentence reduction because the amendment does not have the effect of lowering the applicable sentence range. See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554); see also U.S.S.G. § 1B1.10, comment. (n.1(A)) (stating that a reduction under § 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"). If the offense level was based on § 2D1.1, however, the sentence range would be lowered, and

3

Amendment 706 would apply. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Proceedings under § 3582 do not constitute a de novo resentencing. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Rather, "all original sentencing determinations remain unchanged." Id. A court applying an amendment under § 3582 "must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." Id. at 780; see also U.S.S.G. § 1B1.10(b).

Here, although Pinckney was sentenced as a career offender, his offense level was based on § 2D1.1 because that offense level was higher than the career offender offense level. See U.S.S.G. § 4B1.1(b) (stating that the offense levels in § 4B1.1 apply as long as they are higher than the "offense level otherwise applicable," such as the levels under § 2D1.1). Because the base offense levels under § 2D1.1 have been reduced, and Pinckney's sentence was based on § 2D1.1, Amendment 706 would have the effect of lowering Pinckney's sentence range. The district court accordingly erred in failing to recalculate the sentence range with

4

the new base offense level and thereafter considering whether Pinckney was entitled to § 3582 relief.

Pinckney's argument that the district court committed error under <u>Booker</u>, however, is foreclosed by this court's precedent. <u>United States v Melvin</u>, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that <u>Booker</u> does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664).

The judgment of the district court is vacated and the case is remanded to enable the district court to make the proper Guidelines calculation and determine whether Pinckney is entitled to a sentence reduction under § 3582.

VACATED and REMANDED.