[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 7, 2009
THOMAS K. KAHN
CLERK

No. 08-12009
Non-Argument Calendar

_____

D. C. Docket No. 96-08054-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNIE LEE ALLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 7, 2009)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Johnnie Lee Allen appeals the denial of his motion for a reduced sentence

pursuant to 18 U.S.C. § 3582(c)(2).  Allen, who was sentenced as career offender,

based his motion on Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to crack cocaine offenses. Allen contends that the district court should have realized when it evaluated his eligibility for a sentence reduction that his original sentence exceeded the statutory maximum permissible for the charged offense both because the indictment failed to allege a specific drug amount and because the government failed to file a notice of enhancement pursuant to 21 U.S.C. § 851. He argues that the district court should have lowered his sentence for this reason.

Because § 3582(c)(2) proceedings are not de novo resentencings, Allen's arguments about alleged flaws in his original sentencing determinations do not permit a sentence reduction. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Nor is Allen eligible for a sentence reduction under Amendment 706. His sentence was based on the career-offender provisions in U.S.S.G. § 4B1.1 instead of the drug quantity table in U.S.S.G. § 2D1.1, so Amendment 706 did not have the effect of lowering his guideline range. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009). Thus the district court properly denied Allen's § 3582(c)(2) motion.

**AFFIRMED.**

2