[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 31, 2010
JOHN LEY
CLERK

No. 09-15487
Non-Argument Calendar

_____

D. C. Docket No. 96-00042-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE ALLEN BIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 31, 2010)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Wayne Allen Biggins appeals *pro se* the sentence imposed by the district court following the grant of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to certain crack cocaine offenses. Biggins argues that the district court erred (1) in calculating the cocaine base quantity at his original sentencing hearing, (2) by failing to further reduce his sentence under *Booker* and *Kimbrough*, and (3) by failing to provide him with a revised Pre-sentence Investigation Report ("PSI"). Having found no error, we affirm.

On appeal, Biggins first argues that the sentencing court erred in its initial finding that he possessed more than 1.5 kilograms of cocaine base, and, therefore, his sentence is unconstitutional under the Eighth Amendment, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Because Biggins did not raise the issue to the district court, we review only for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005). To prove plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

A proceeding under § 3582(c)(2) "does not constitute a *de novo*

2

resencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2001). Indeed, we have held that *all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id.* (emphasis in original). Therefore, we conclude that the district court did not plainly err when it declined to reconsider findings made at the original sentencing hearing.

Next, Biggins argues the district court erred in its application of § 3582(c)(2) because it applied the amended guideline range in a mandatory fashion in violation of *Booker* and *Kimbrough*. Biggins also argues that the court erred by not shortening his sentence beyond the two-level reduction in offense level.

The policy statement generally applicable to § 3582(c)(2) proceedings instructs the district court not to reduce a sentence below the newly calculated guideline range: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A) (2008). In *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir. 2009), *cert. denied*, 129 S. Ct. 2382 (2009), we upheld the sentencing guideline's restriction and concluded that neither *Booker* nor *Kimbrough* "prohibit the limitations on a judge's discretion in reducing

3

a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission." Therefore, we conclude that the district court did not err by sentencing Biggins to a sentence at the top of the newly calculated guideline range.

Finally, Biggins argues that the district court erred when it failed to provide him with a revised PSI. He contends that he was prejudiced by his inability to object to the revised PSI prior to resentencing, and he challenges the district court's procedure in adjudicating his motion. Because there is no evidence that the probation office provided the district court with a new or revised PSI, Biggins's claim is without merit.

**AFFIRMED.**