[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15600
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 96-00299-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SLAUGHTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2010)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

David Slaughter, *pro se*, appeals from the district court's grant of his § 3582(c)(2) motion for reduction of sentence based on Amendment 599 to the Guidelines. On appeal, Slaughter asserts the district court erred, after granting his § 3582(c)(2) motion, in treating him as an armed career criminal under 18 U.S.C. § 924(e) and by running his 18 U.S.C. § 924(c) mandatory 60-month sentence consecutive to his other sentences. After review, we affirm Slaughter's sentence.[1]

On October 1, 1996, pursuant to a written plea agreement, Slaughter pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count 1), robbing a 7-Eleven store by actual and threatened force and violence,18 U.S.C. § 1951(a) (Count 2), and knowingly using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1) (Count 3). In December 1996, after determining Slaughter qualified as an armed career criminal, the district court sentenced Slaughter to terms of imprisonment of 188 months on Count 1 and 120 months on Count 2 to run concurrently. The district court also imposed a 60-month imprisonment term on Count 3 to run consecutive to Counts 1 and 2, resulting in a total imprisonment term of 248 months.

---

[1]We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, where the issue is the interpretation of Amendment 599 or the district court's legal conclusions regarding the scope of its authority under the sentencing guidelines, we conduct a *de novo* review. *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir. 2003).

In September 2009, Slaughter filed his *pro se* § 3582(c)(2) motion for reduction of sentence based on Amendment 599 to the Guidelines. The district court summarily granted Slaughter's § 3582(c)(2) motion and reduced Slaughter's total term of imprisonment from 248 to 240 months: 180 months' imprisonment on Count 1 to run concurrent with 112 months' imprisonment on Count 2, and 60 months' imprisonment on Count 3 to run consecutive to Counts 1 and 2.[2]

A § 3582(c)(2) proceeding "does not constitute a de novo resentencing" and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original). Thus, the district court lacked authority to consider Slaughter's arguments. *See Bravo*, 203 F.3d at 781. First, the district court could not reexamine Slaughter's status as an armed career criminal because Amendment 599 did not apply and all the original sentencing determinations remained unchanged. Therefore, the district court did not err in resentencing him to a 15-year statutory minimum, pursuant to § 924(e). *Id.* Second, the retroactive Amendment 599 had

---

[2]Amendment 599 did not have the effect of lowering his applicable guideline range because Slaughter was sentenced based on his status as an armed career criminal, pursuant to U.S.S.G. § 4B1.4. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)). The government, does not challenge the eight-month reduction in Slaughter's sentence even though Slaughter was not eligible for a § 3582(c)(2) sentence reduction. Moreover, there is no other basis for relief under § 3582(c)(2).

no effect on the § 924(c) sentence per Count 3, as the district court was statutorily required to impose a consecutive 5-year mandatory sentence. *See* 18 U.S.C. § 924(c)(1)(A)(i); *see also* U.S.S.G.§ 2K2.4, comment. (n.2(A)) (stating a term of imprisonment under § 924(c) "shall run consecutively to any other term of imprisonment."). Accordingly, we affirm.

**AFFIRMED.**