[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

No. 10-13949
No. 10-14179
Non-Argument Calendar

_____

D.C. Docket No. 1:01-cr-00548-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN COLE,
a.k.a. John Archie Cole,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 16, 2011)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

John Cole, a federal prisoner convicted of crack cocaine and firearm-related offenses, appeals the district court's denial of his motion for a reduced sentence, 18 U.S.C. § 3582(c)(2). Because we conclude that Cole cannot show any error, plain or otherwise, in the imposition of his sentence, we affirm the district court.

Cole was convicted of possession with intent to distribute crack cocaine, possession with intent to distribute cocaine, and two firearm offenses in 2001. The district court determined that the applicable sentencing guideline range was 168 to 210 months' imprisonment, but found that Cole faced a mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) on the crack cocaine offense. The court sentenced Cole to life imprisonment.

In 2010, after the guideline applicable to crack cocaine offenses was amended, Cole filed a motion to correct his sentence under § 3582(c) in light of the amendments.[1] The district court denied the motion, concluding that Cole was not eligible for a reduction because he had been sentenced in accordance with the statutory minimum sentence and not pursuant to the sentencing guideline range.[2]

---

[1] Cole filed the motion *pro se*. The district court later appointed counsel.

[2] Cole filed a notice of appeal from the district court's order and then filed a motion for extension of time to reply to the government's response to his § 3582 motion. The court denied the extension of time, finding that it lacked jurisdiction because Cole had filed a notice of appeal. Cole's counsel filed a notice of appeal, and the appeals were consolidated.

On appeal, Cole argues, for the first time, that the statutory minimum penalty violates Due Process and Equal Protection and thus is unconstitutional.[3]

We review for plain error when a defendant fails to raise an issue in the district court. *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005). Under plain error review, the defendant must show that there is "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

A § 3582(c) motion for a reduction in sentence is not the proper vehicle to raise a constitutional challenge to a sentence. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). In a § 3582(c) proceeding, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id.* In fact, a defendant is not entitled to a full resentencing during a § 3582(c) proceeding, and any sentencing reduction arising from a § 3582(c) motion must be "consistent with

---

[3] Cole does not make any argument on appeal as to the district court's finding that the guideline amendments cannot reduce his minimum mandatory sentence, and thus he has abandoned any such argument. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

3

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(3). Thus, constitutional challenges are "extraneous" sentencing issues, and if Cole wishes to challenge the constitutionality of his sentence, the proper method is in collateral attack under 28 U.S.C. § 2255. *Bravo*, 203 F.3d at 781-82.

Moreover, had Cole raised his argument before the district court, the court would have lacked jurisdiction to consider it. *See id.* at 782 (explaining that an Eighth Amendment challenge to the defendant's sentence, raised in a § 3582(c) motion, was an "extraneous" resentencing issue outside the district court's jurisdiction).

Accordingly, because a § 3582(c) proceeding does not provide a defendant with an opportunity to raise a constitutional challenge to his sentence, Cole has failed to show any error, plain or otherwise, in the denial of his § 3582(c)(2) motion.

**AFFIRMED.**