[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2011
JOHN LEY
CLERK

No. 10-13152
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00061-RAL-EAJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEVON SCOTT,
a.k.a. Iceman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 23, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

In 2005, Jevon Scott pled guilty to possession of 50 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a), and the district court sentenced him, as a career offender under U.S.S.G. § 4B1.1, to a prison term of 180 months. In March 2010, Scott moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 706 to the Sentencing Guidelines, a retroactive amendment that reduced the drug quantity thresholds and base offense levels for crack cocaine offenses. The court denied his motion, and he appeals. We affirm.

Scott argues that he was sentenced within the Guidelines sentencing range that would have been applicable under U.S.S.G. § 2D1.1, despite qualifying as a career offender, and that he was therefore eligible for a sentencing reduction based on § 3582(c)(2). He contends that under some circumstances courts have held that defendants who qualified as career offenders, but who received a downward departure from the Guidelines sentencing range, remain eligible for § 3582(c)(2) relief. Since he received such departure and a sentence within the sentencing range applicable if his offense level were fixed by § 2D1.1, he should be resentenced.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) *cert. denied*, 129 S.Ct. 1601 (2009).

A district court may not modify a term of imprisonment unless a defendant was sentenced based on a "sentencing range that has subsequently been lowered" by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Amendment 706, which has been made retroactive, amends the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." *Moore*, 541 F.3d at 1325. However, if a defendant is a career offender, his base offense level is determined under the career offender guideline, § 4B1.1, and not the drug quantity guideline in § 2D1.1. *See Moore*, 541 F.3d at 1327-28. As such, Amendment 706 does not have the effect of lowering a career offender's applicable guideline sentencing range. *Id.* at 1328. Therefore, such a defendant's sentence is not based on a sentencing range that has subsequently been lowered within the meaning of § 3582(c)(2), and the district courts are not authorized to reduce a sentence under that statute. *Id.* at 1327-28, 1330.

Further, a § 3582(c)(2) modification "does not constitute a *de novo* re-sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). In addressing whether a defendant is eligible for a sentence reduction, a district court

is to consider only the effect of the applicable guideline amendment. *Id.* at 780-81. Thus, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id.* at 781 (emphasis in original).

In this case, the district court properly denied Scott's § 3582(c)(2) motion because Amendment 706 did not lower Scott's career offender sentencing range. *See Moore*, 541 F.3d at 1330. Because Scott was sentenced as a career offender, under § 4B1.1, he was not entitled to an Amendment 706 sentence reduction. *See Moore*, 541 F.3d at 1327-28, 1330. Moreover, the district court correctly abstained from considering whether Scott's career offender designation was erroneous because it was not permitted to do so within a § 3582(c)(2) proceeding. *See Bravo*, 203 F.3d at 780-81. Finally, no exceptions to the general rule that career offenders are ineligible for Amendment 706 reductions through § 3582, apply here, even assuming that they could.

AFFIRMED.