[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2011
JOHN LEY
CLERK

No. 11-13156
Non-Argument Calendar
_____

D.C. Docket No. 3:95-cr-00007-HES-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN SOLOMON,
a.k.a. Scabo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 8, 2011)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Calvin Solomon appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. His motion was based on Amendment 706 to U.S.S.G. § 2D1.1(c), which awards a two-level reduction in the base offense level for certain crack cocaine offenses. See U.S.S.G. app. C amend. 706 (Nov. 2007). For those crack cocaine offenses, the two-level reduction of Amendment 706 applies retroactively to defendants already sentenced. See U.S.S.G. app. C amend. 713 (May 2008). Solomon asks this Court to decide whether his particular circumstances justify the application of Amendment 706. After thorough review, we affirm the ruling of the district court.

Amendment 706 does not provide relief to those defendants who are sentenced as career offenders under U.S.S.G. § 4B1.1. See United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008). At sentencing, the district court found Solomon met the definition of a career offender, but Solomon was not sentenced under the career offender guidelines of U.S.S.G. § 4B1.1. Instead, the district court sentenced him under the drug guidelines of U.S.S.G. § 2D1.1(c). On appeal, Solomon argues that he is eligible for relief pursuant to Amendment 706, because he was not sentenced as a career offender.

Solomon is indeed correct that he was not sentenced under the career offender guidelines. Where the base level offense under the drug guidelines is

greater than the calculation under the career offender guidelines, the sentencing court is to apply the higher drug guideline. See U.S.S.G. § 4B1.1(b). Solomon's drug offense level of 38 exceeded the base offense level of 37 under the career offender guidelines. Thus, the district court properly sentenced Solomon under the drug guidelines at level 38.

We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). Moore, 541 F.3d at 1326. A district court may modify a term of imprisonment when that term is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the policy statements issued by the Sentencing Commission. See id. The policy statements say that a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Specifically, the application note for § 1B1.10 provides that a reduction under § 3582(c)(2) is not warranted where the amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

In reviewing a § 3582(c)(2) motion, this Court recalculates the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); see also U.S.S.G. § 1B1.10(b)(1) ("the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced"). Thus, we must now determine the guideline range that would have applied to Solomon if Amendment 706 had been in effect at his original sentencing. See U.S.S.G. § 1B1.10(b)(1).

Because the district court determined that Solomon qualified as a career offender, if Amendment 706 had been in effect at Solomon's original sentencing, the career offender offense level of 37 would have governed. Using the career offender table's offense level of 37 along with the criminal history category of VI, the guideline range for Solomon would not have changed, but would still have been 360 months to life. See U.S.S.G. § 4B1.1(b).

Thus, even though Amendment 706 applies to Solomon, the operation of another guideline provision—U.S.S.G. § 4B1.1(b)—means "the amendment does not have the effect of lowering [his] applicable guideline range." U.S.S.G.

4

§ 1B1.10 cmt. n.1(A).  Cf. Moore, 541 F.3d at 1330 (declining to apply § 3582(c)(2) reduction for Amendment 706, where defendants were sentenced as career offenders under § 4B1.1, because "it would not affect their guideline ranges").  As a result, Solomon is not eligible for a reduction under § 3582(c)(2).

**AFFIRMED.**