[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15664
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:02-cr-60200-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GARRY BAXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

In *United States v. Baxter*, 127 Fed. App'x 471 (11th Cir. (11th Cir. 2005), this court affirmed Victor Garry Baxter's convictions for distribution of crack cocaine and for possession with intent to distribute cocaine powder, and his total sentence of 360 months' imprisonment as a career offender, U.S.S.G. § 4B1.1. In October 2011, Baxter moved the district court to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines. The court denied his motion on the ground that the amendment did not affect his sentence as a career offender. He now appeals the ruling.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Part A of Amendment 750 amended U.S.S.G. § 2D1.1 by revising the Drug Quantity Table in U.S.S.G. § 2D1.1(c), and reducing offense levels associated with various amounts of crack cocaine. U.S.S.G. App. C, Amend. 750, Pt. A, *cross referencing* U.S.S.G. App. C, Amend. 748 (2011). Amendment 750 became effective on November 1, 2011. U.S.S.G. App. C, Amend. 750.

A district court may not reduce a defendant's term of imprisonment that has been imposed unless the defendant's sentence was based upon a sentencing range

2

that the Sentencing Commission subsequently lowered, the district court considers the 18 U.S.C. § 3553(a) factors, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). It may reduce a defendant's previously imposed imprisonment sentence pursuant to § 3582(c)(2) if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement. U.S.S.G. § 1B1.10(a)(1). Parts A and C of Amendment 750 to the Guidelines may serve as the basis for sentence reduction. *Id*. § 1B1.10(c). A reduction, however, is not consistent with the Guidelines' policy statement if it does not have the effect of lowering the defendant's applicable Guideline range. *Id*. § 1B1.10(a)(2)(B).

When determining whether a reduction is warranted, a court should determine the Guidelines range that would have been applicable had the relevant amendment been in effect at the time of the defendant's sentencing. *Id*. § 1B1.10(b)(1). In doing so, a court must only substitute the relevant amendment into the district court's original Guideline calculations, and leave all other Guideline-application decisions unaffected. *Id*.; *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Where a retroactively applicable Guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a

3

sentence reduction pursuant to § 3582(c)(2). *Moore*, 541 F.3d at 1330. This includes the situation in which a retroactive amendment of § 2D1.1(c) would result in a lower base offense level, but where the defendant was sentenced as a career offender. *Id*. at 1326-30.

The district court did not have authority to reduce Baxter's sentence based upon Amendment 750 because he was sentenced as a career offender, pursuant to § 4B1.1. The court's ruling is therefore

AFFIRMED.