[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15903
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:02-cr-80051-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LAWTON, JR.,
a.k.a. Jit,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2012)

Before DUBINA, Chief Judge, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant James Lawton, Jr., through counsel, appeals the district court's denial of his motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Lawton pled guilty to conspiracy to possess with intent to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. § 846, and carrying a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). Lawton originally had been sentenced to 156 months' imprisonment for the drug offense and a consecutive 60-month term for the firearm offense, with this sentence including a 79-month downward departure based on the government's substantial-assistance motion. In 2008, Lawton filed his first § 3582(c)(2) motion pursuant to Amendments 706 and 713 to the Sentencing Guidelines, which the district court granted. The district court applied a percentage-based approach for calculating the extent of the previous downward departure, and resentenced Lawton to 125 months' imprisonment for the drug offense, which was below the amended range of 188 to 235 months. Lawton subsequently filed a second § 3582(c)(2) motion pursuant to Amendment 750, which the district court denied because it did not lower his guideline range further. On appeal, Lawton asserts that, although Amendment 750 does not reduce his guideline range, changes to U.S.S.G. § 1B1.10(b)(2)(B) support a reduction in his sentence because he should receive a

2

flat reduction of the original 79-month amount of his downward departure, not just a percentage of the departure from the guideline range.

"[W]e review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (internal quotation marks omitted). Part A of Amendment 750 amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c), and reducing offense levels associated with various amounts of crack cocaine. U.S.S.G. App. C, Amend. 750, Pt. A, *cross referencing* U.S.S.G. App. C, Amend. 748 (2011). Amendment 750 became effective on November 1, 2011. U.S.S.G. App. C, Amend. 750.

A district court may modify a defendant's previously imposed imprisonment sentence pursuant to § 3582(c)(2) if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement. U.S.S.G. § 1B1.10(a)(1). Parts A and C of Amendment 750 to the Guidelines may serve as the basis for a sentence reduction. *Id*. § 1B1.10(c). Pursuant to § 1B1.10, the applicable policy statements provide that a reduction in the imprisonment term is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B).

The district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* In other words, "the court shall determine the amended guideline range that would have been applicable to the defendant" if the applicable retroactive amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). All of the other guideline application decisions made during the original sentencing proceeding remain unaffected. *See Bravo*, 203 F.3d at 780. Under the second step, the court must decide whether to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781.

The district court is required to apply the version of § 1B1.10 that is in effect at the time that it rules on the § 3582 motion. U.S.S.G. § 1B1.10, comment. (n.6) (Nov. 1, 2011). Amendment 759 made changes to § 1B1.10, which became effective on November 1, 2011, and would apply to any § 3582(c)(2) motion decided on or after that date. U.S.S.G. App. C, Amend. 759. Section 1B1.10 now provides the following:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B). The commentary regarding this provision notes that the district court is not limited by the guideline range if the defendant's sentence was reduced pursuant to a government motion for substantial assistance. *Id.* § 1B1.10, comment. (n.3). However, in describing what a "comparably less" sentence would be, the commentary adopts a percentage-based approach, noting that, if the original sentence was reduced by 20 percent, then the amended sentence also may be reduced by 20 percent. *Id.*

"[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned." *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

As an initial matter, because Lawton does not challenge the district court's determination that Amendment 750 did not reduce his guideline range, he has abandoned any challenge to this finding. Because Amendment 750 did not lower Lawton's guideline range, a reduction is not authorized. In addition, Lawton's

5

argument that the changes to § 1B1.10(b)(2)(B) create ambiguity on whether the district court should have reduced his sentence by the original 79-month departure fails because the commentary to that guideline specifically supports the district court's percentage-based approach in granting his prior § 3582(c)(2) motion. Therefore, we conclude that the district court did not err in determining that Lawton was ineligible for a reduced sentence because Amendment 750 did not change his guideline range.

**AFFIRMED.**