[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16177
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:97-cr-00074-CAR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 22, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

The district court, pursuant to 18 U.S.C. § 3582(c)(2), reduced Danny Greene's

sentence from 292 months to 235 months. The district court found that Amendment

750 to the Sentencing Guidelines – which lowered offense levels in USSG § 2D1.1 applicable to crack cocaine offenses – had been made retroactive by the Sentencing Commission, and that the reduction in Mr. Greene's sentence was consistent with the policy statement set forth in USSG § 1B1.10 and the applicable factors contained in 18 U.S.C. § 3553(a). *See* D.E. 452.

Though the district court granted his motion for reduction of sentence, Mr. Greene now appeals. He argues that the district court, before reducing his sentence pursuant to Amendment 750, should have lowered the amount of crack cocaine for which he was held responsible when he was originally sentenced. Finding no error, we affirm.

Mr. Greene is essentially asking that we require the district court to revisit the factual determination it made as to drug quantity at the initial sentencing hearing. But § 3582(c) is limited in scope, and "does not authorize a sentencing or resentencing hearing." *Dillon v. United States,* ___ U.S. ___, ____, 130 S.Ct. 2683, 2690 (2010). Moreover, USSG § 1B1.10(b)(1) provides that the district court shall substitute only the retroactive amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced, and shall leave all other guideline application decisions unaffected." Thus, we have held that "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that

2

has been amended since the original sentencing." *United States v. Bravo,* 203 F.3d 778, 781 (11ᵗʰ Cir. 2000) (emphasis in original).  In short, Mr. Greene's motion under § 3582(c) did not authorize the district court to change its initial relevant conduct determination.

To the extent that Mr. Greene is arguing that we recognized a constitutional error in his original sentence on direct appeal, and that this error allowed the district court to revisit the issue of relevant conduct under § 3582(c)(2), we disagree.  On direct appeal, we vacated the life imprisonment sentence imposed on Clarence Clark, Mr. Greene's co-defendant, holding that the sentence violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000).  *See United States v. Greene,* No. 99-11360, Slip. Op. at 4-5, 253 F.3d 708 (11ᵗʰ Cir. 2001) (Table).  With respect to Mr. Greene, however, we said that he did not have a viable *Apprendi* claim:

> We note that, unlike defendant Clark, defendant Greene was not in a position to raise an issue under *Apprendi*[,] since his 360-month sentence is within the statutory maximum for an enhanced penalty under the catch-all provision of [21] U.S.C. § 841(b)(1)(C). *See United States v. Rogers,* 228 F.3d 1318, 1327 (11ᵗʰ Cir. 2000).

*Id.* at 4 n.4.    Because we never ruled that Mr. Greene's sentence was unconstitutional, there is no basis for allowing the district court to revisit its initial sentencing determination with respect to drug quantity.

The district court's order reducing Mr. Greene's sentence is affirmed.

3

**AFFIRMED.**