[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10752
Non-Argument Calendar

_____

D.C. Docket No. 9:02-cr-80172-KAM-14

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN BOSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 11, 2012)

Before HULL, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Benjamin Boston, a federal prisoner convicted of a crack cocaine offense,

appeals, through counsel, the district court's denial of his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) -- his second request -- and Amendment 750 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses.  On appeal, Boston argues that the Fair Sentencing Act ("FSA") of  2010, Pub.L.No. 111-220, 124 Stat. 2372 (2010), along with its history and underlying policy, overturned this Court's prior controlling precedent regarding the eligibility for § 3582 relief where an amendment fails to reduce a defendant's base offense level.  He apparently asserts that he warrants a reduction based on the FSA's changes to the mandatory minimum sentences under 21 U.S.C. § 841(b).  He concedes, however, that under Amendment 750 he is responsible for 116 kilograms of marijuana, which corresponds to an offense level of 26: the same offense level he received at his initial § 3582 proceeding, based on Amendment 706 -- which also reduced base offense levels applicable to crack cocaine offenses.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).

A district court may modify an imprisonment term "in the case of a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(2) (providing that a reduction in the imprisonment term is not authorized under § 3582(c)(2) if the listed amendment does not have the effect of lowering the applicable guideline range).

Part A of Amendment 750 amended U.S.S.G. § 2D1.1 by reducing base offense levels associated with various amounts of crack cocaine under the Drug Quantity Table in § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750, Pt. A; U.S.S.G. 1B1.10, comment. (n.4). Part C of Amendment 750 deleted the cross reference in § 2D2.1(b) under which an offender who possessed more than five grams of crack cocaine was sentenced under § 2D1.1.[*] U.S.S.G. App. C, Amend. 750, Pt. C; U.S.S.G. 1B1.10, comment. (n.4). In July 2011, the Sentencing Commission decided to make Parts A and C of Amendment 750 retroactive. 76 Fed.Reg. 41332-01 (July 13, 2011). Amendment 750 became effective and

---

[*] The FSA raised the drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). Prior to the FSA's enactment, a 5-year mandatory minimum applied to first-time trafficking offenses involving 5 grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009). Under the FSA, the 5-year mandatory minimum applies to first-time trafficking offenses involving 28 grams or more of crack cocaine, while no mandatory minimum applies to those offenses involving less than 28 grams of crack cocaine. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2011), *with* 21 U.S.C. § 841(b)(1)(C) (2011). Thus, the FSA eliminated mandatory minimum sentences for first-time trafficking offenses involving less than 28 grams of crack cocaine. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2009), *with* 21 U.S.C. § 841(b)(1)(B)(iii), (C) (2011).

retroactive on 1 November 2011.  U.S.S.G. App. C, Amends. 750, 759.  Parts A and C of Amendment 750 may serve as the basis for sentence reduction.  U.S.S.G. § 1B1.10(c)

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed."  *Id.*  In other words, in determining whether a reduction in the defendant's imprisonment term is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [applicable retroactive amendment; here, Amendment 750] had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1), (c), and comment. (n.4).   "In making such determination, the court shall substitute only the [retroactive amendment] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  *Id.* § 1B1.10(b)(1).  Except in cases of substantial assistance, courts may not reduce the defendant's imprisonment term to a term that is less than the minimum of the amended guideline range produced by the substitution.  *Id.*

4

§ 1B1.10(b)(2)(A).  If the court reaches the second step, the court must decide whether to retain the original sentence or to resentence the eligible defendant under the amended guideline range.  *See Bravo*, 203 F.3d at 781.

According to the current Drug Equivalency Tables, 1 gram of cocaine equals 200 grams of marijuana, while 1 gram of cocaine base (*i.e.*, crack) equals 3,571 grams of marijuana. U.S.S.G. § 2D1.1, comment. (n.10(D)).  To combine differing controlled substances to obtain a single offense level, the court converts each of the drugs to its marijuana equivalent, adds the quantities, and looks up the total in the Drug Quantity Table to obtain the combined offense level.  *Id.* § 2D1.1, comment. (n.10(B)).  Under the amended Drug Quantity Table, a base offense level of 26 applies to offenses involving 100 kilograms or more, but less than 400 kilograms, of marijuana.  *Id.* § 2D1.1(c)(7).

Upon review of the record and consideration of the parties' briefs, we affirm.

The district court lacked authority to grant Boston's § 3582 motion for a sentence reduction because Amendment 750 had no effect on Boston's applicable guidelines range.  Based on the new drug equivalency calculations, Boston, as he has conceded, was responsible for approximately 116 kilograms of marijuana, which corresponds to a base offense level of 26, the same level he currently has

following his prior sentence reduction:  the reduction based on Amendment 706.

Accordingly, because Amendment 750 did not affect the calculation of Boston's

base offense level and, thus, did not lower his applicable sentencing guidelines

range, he is ineligible for relief.  To the extent that Boston contends that he merits

a sentence reduction based on Part C of Amendment 750 or the FSA's changes to

the mandatory minimum sentences under 21 U.S.C. § 841(b), his argument is

misplaced because his guideline range was based on a determination under the

Drug Equivalency Tables.

AFFIRMED.