PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5575

_____

D.C. Docket No. 91-577-CR-UUB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/11/2000
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CAMILO BRAVO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 11, 2000)**

Before EDMONDSON and BARKETT, Circuit Judges, and COHILL[*], Senior
District Judge.

BARKETT, Circuit Judge:

Appellant Juan Camilo Bravo appeals the district court's denial of his

request for a downward departure and application of the "safety valve" provision,

_____

[*] Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of
Pennsylvania, sitting by designation.

18 U.S.C. § 3553(f), in conjunction with the modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Bravo argues that the district court erred by concluding that it lacked authority to depart from the sentencing guidelines or to apply the "safety valve" provision. We affirm.

## BACKGROUND

On August 30, 1993, the district court sentenced Juan Camilo Bravo for conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a) and 963 in accordance with the then-applicable 1993 Federal Sentencing Guidelines. Bravo started with a base offense level of 40 for importing 897 kilograms of cocaine, less three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a total offense level of 37. The guideline penalty range for level 37 is between 210 and 262 months' imprisonment and the district court sentenced Bravo to 210 months' imprisonment.

Subsequent to the beginning of Bravo's term of incarceration, three relevant events transpired. First, Congress amended U.S.S.G. § 2D1.1 to provide a base offense level of 38 rather than 40 for all offenses involving amounts in excess of 150 kilograms of cocaine, giving district courts discretionary authority to apply the amendment retroactively pursuant to U.S.S.G. § 1B1.10. Second, Congress

enacted the "safety valve," 18 U.S.C. § 3553(f),[2] which was incorporated into the sentencing guidelines as U.S.S.G. § 5C1.2, but was not included in the list of guideline amendments which may be applied retroactively under U.S.S.G. § 1B1.10(c). Third, Bravo developed renal failure and is now on dialysis in a prison medical center.

Bravo filed a motion in the district court requesting a sentencing adjustment pursuant to 18 U.S.C. § 3582(c)(2)[3] in order to take advantage of the retroactive

[2] 18 U.S.C. § 3553(f) states, in pertinent part:

Notwithstanding any other provision of law, in the case of an offense under [21 U.S.C. § 963], the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing . . . that –
    (1) the defendant does not have more than 1 criminal history point . . .;
    (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense,
    (3) the offense did not result in death or serious bodily injury to any person;
    (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . .; and
    (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense . . . .

[3] 18 U.S.C. § 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3

change in sentencing guideline § 2D1.1. Also in that motion, Bravo requested both a downward departure in his sentence because of his extraordinary medical condition, and an application of the safety valve. The district court granted Bravo the benefit of the § 2D1.1 amendment, which reduced his offense level to 35 with a guideline range of 168 to 210 months; he was sentenced to 168 months' imprisonment. However, the district court determined that it lacked jurisdiction to grant the downward departure or to apply the safety valve. Bravo now appeals that determination.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*). In considering a motion for such a reduction, we have held that a district court must engage in a two-part analysis.

Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed. "In

4

undertaking this first step, only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 119 S. Ct. 888 (1999) (citing U.S.S.G. § 1B1.10(b), comment n.2). The district court correctly performed this portion of its task, finding that, under the revised guidelines, Bravo would have had a base level of 38, which, after again departing three levels for acceptance of responsibility,[4] would have been reduced to level 35.

The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a). See Vautier, 144 F.3d at 760 ("Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence."). One of the factors listed in § 3553(a) is a defendant's need for medical care. The district court specifically considered Bravo's "serious medical condition and his age," noting this as a reason for choosing, in accordance with § 3553(a), to lessen Bravo's sentence from 210 months to 168 months.

---

[4] As discussed in footnote five, infra, we note that, although the district court did so in this case, a district court is not required at a Section 3582 hearing to reapply a downward departure that it had previously applied at the original sentencing hearing. See Vautier, 144 F.3d at 760-61.

Bravo argues that the district court had both the ability and the obligation to reduce his sentence further. Bravo first urges us to find that the district court erred by refusing to depart downward due to his extraordinary medical condition.[5] This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to § 3582(c)(2) does not constitute a de novo resentencing. See United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) (holding that "§ 3582(c)(2) and related sentencing guidelines do not contemplate a full de novo resentencing"). Indeed, we have held that *all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing. See Vautier, 144 F.3d at 760.[6] A district court's discretion has, therefore, clearly been cabined in the context of a § 3582(c)

---

[5] Bravo alleges that he is currently suffering from renal failure, and is undergoing dialysis at his detention facility in Springfield, Missouri. Bravo asks to be released from incarceration so that he may travel to Columbia to receive a kidney transplant from his mother. Bravo has stated that he cannot afford the cost of a kidney transplant while incarcerated, but can afford one in Columbia. We have no evidence before us either supporting or refuting Bravo's assertions about his health condition or the "inadequate medical care" he is receiving. The merits of these claims are not before us in this appeal, which involves only the question whether of the district court had jurisdiction to depart from the sentencing guidelines in its § 3582(c)(2) sentence reduction.

[6] Nothing in this opinion is meant to change that portion of Vautier where we said that a district court, when determining pursuant to Section 3582(c)(2) what sentence it would have imposed under the amended guideline, has the discretion to decide whether to reapply an earlier downward departure. See Vautier, 144 F.3d at 760-61. This practice is allowed because a discretionary decision to permit a downward departure from the original guideline range "is not a 'guideline application decision' that remains intact when the court considers the new Guideline range." Id. at 761.

6

sentencing reconsideration. In light of this limit, we find that the district court was correct in holding that it lacked jurisdiction to depart downward because of Bravo's medical condition to an extent greater than that authorized under § 3582(c) based on the amended guideline provision.

Because we find that the district court was correct in refusing to depart downward to account for Bravo's ill health, we do not reach the question whether the safety valve statute, 18 U.S.C. § 3553(f), should be applied at a limited § 3582(c) rehearing. The safety valve applies where application of the guidelines would result in imposition of a sentence that is lower than the statutory minimum of 10 years. In the case before us, Bravo's revised sentence of 168 months, or 14 years, does not trigger possible application of the safety valve, and thus the question of whether the district court would have jurisdiction to apply the provision had Bravo's sentence been reduced below 10 years is irrelevant here.

Finally, we find that the district court was correct in declining to consider Bravo's Eighth Amendment claim. As stated above, § 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one. Bravo must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255.

AFFIRMED.