[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 03, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16927
Non-Argument Calendar

_____

D. C. Docket No. 01-00049-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 3, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alexander Diaz appeals, pro se, the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion to reduce his sentence. Diaz was sentenced to 270 months' imprisonment after pleading guilty to the following three counts of a five-count, superseding indictment: (1) conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(ii) (Count One); (2) carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and (3) possession of a firearm by a convicted felon as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (Count Five). In his § 3582(c)(2) motion to the district court, Diaz requested the court to reduce his sentence pursuant to Amendments 489 and 591 of the Sentencing Guidelines. The district court denied the motion because Amendments 489 and 591 were in effect at the time of sentencing and, therefore, the court lacked jurisdiction to consider Diaz's claim under § 3582(c)(2). We affirm.

Section 3582(c)(2) is applicable "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The Sentencing Commission promulgated Amendment 489 effective November 1, 1993, and Amendment 591 effective November 1, 2000. *See* U.S.S.G. app. C, amends. 489, 591 (2001). The district court did not err in finding

it lacked jurisdiction to review Diaz's § 3582(c) motion because both amendments were in effect on Diaz's January 22, 2002, sentencing date and had already been incorporated into the November 1, 2001, Guidelines used by the sentencing court. Thus, Diaz was not a defendant "sentenced based on a sentencing range that was *subsequently* lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) (emphasis added). Additionally, although Diaz does not argue any alternative basis for jurisdiction, because of his pro se status, the district court executed a thorough analysis of potential bases of jurisdiction available to Diaz. We conclude the district court did not err in determining that no other statute or rule applied to Diaz's claim. Accordingly, we affirm the district court's denial of Diaz's § 3582(c) motion.

**AFFIRMED.**