[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13713
Non-Argument Calendar

_____

D. C. Docket No. 07-00025-CR-T-27MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYDEARAIN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 9, 2008)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

A Middle District of Florida jury convicted Tydearain Smith on both counts

of a two-count indictment: Count One, possession with intent to distribute five or more grams of a mixture containing cocain base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1); Count Two, using and carrying a firearm in relation to the Count One offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court thereafter sentenced Smith to concurrent prison terms: 210 months on Count One and 84 months on Count Two. He now appeals his convictions and his sentence on Count One.

Smith's appeal of his convictions seeks two forms of relief, a judgment of acquittal on the ground that the evidence was insufficient to convict, and, alternatively, a new trial on the grounds that the district court abused its discretion in barring under Federal Rule of Evidence 608(b) statements Officer Kenneth Goebel previously made, which purportedly shed light on his truthfulness, and in limiting Smith's cross-examination of Goebel. For convenience, we address these new trial grounds first.

Federal Rule of Evidence 608(b) states in relevant part: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence." Fed. R. Evid. 608(b). "[E]xtrinsic evidence of a witness' prior misconduct should be excluded where that evidence is

probative only of the witness' general propensity for truthfulness; such evidence should be admitted, however, where it is introduced to disprove a specific fact material to the defendant's case." United States v. Calle, 822 F.2d 1016, 1021 (11th Cir. 1987). In other words, the rule "prohibits a party from introducing extrinsic evidence of prior misconduct merely to impeach the general credibility of a witness." Id.

Goebel was reprimanded in 2002 for comments he made about inappropriate police practices. During the investigation that led to the reprimand, Smith stated that some of his comments were made in jest. According to Smith, the comments constituted false statements and, thus, evidence that Goebel was untruthful as to anything he might say – including the testimony he was giving in the instant case. Under Rule 608(b), out-of-court witness statements such as Goebel's – even if they show untruthfulness – are excludable. See e.g., United States v. Pope, 132 F.3d 684, 688 (11th Cir. 1998); United States v. Castro, 89 F.ed 1443, 1458 (11th Cir. 1996). In short, the district court committed no abuse of discretion in excluding the proffered statements.

Smith argues that the court abused its discretion in limiting his cross-examination of Goebel about the reprimand, saying that there exists a "substantial likelihood" the limitation influenced the jury's verdicts because Goebel's

testimony was the only evidence tying him to the crack cocaine.

"Subject to the Sixth Amendment, the district court has the discretionary authority to limit cross-examination." United States v. Beale, 921 F.2d 1412, 1424 (11th Cir. 1991). Additionally, specific instances of conduct, "if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness... ." Fed. R. Evid. 608(b). We have recognized the importance of the right to full cross-examination when applied to the government's star witness or a witness who provides an essential link in the government's case. United States v. Lankford, 955 F.2d 1545, 1548 (11th Cir. 1992). Nevertheless, the right is not without limitation, as the Sixth Amendment only protects cross-examination that is relevant. United States v. Lyons, 403 F.3d 1248, 1255 (11th Cir. 2005). One purpose of cross-examination is, of course, "to impeach the credibility of opposing witnesses." United States v. Lindstrom, 698 F.2d 1154, 1160 (11th Cir. 1983). Such cross-examination includes the "general character for truthfulness" of the witness. Lyons, 403 F.3d at 1256. Even relevant evidence, however, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R.

Evid. 403.  In Calle, we found no abuse of discretion in limiting cross-examination on collateral matters.  822 F.2d at 1020 (holding  district court properly limited cross-examination about questions concerning compliance with plea agreement and tax returns, as they were collateral to core issue).

Evidentiary decisions do not constitute reversible error  "unless a substantial right of the party is affected." Fed. R. Evid. 103(a).  Furthermore,  errors that do not "affect substantial rights must be disregarded."  Fed. R. Crim. P. 52(a).  A defendant's substantial rights are prejudiced when there exists "a reasonable probability that ... the outcome of the trial would have been different." United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir.) cert. denied, 128 S.Ct. 218 (2007).

The district court did not abuse its discretion in the court's limitation of Smith's cross-examination of Goebel.  The only indication of falsehood regarding the reprimand is that Goebel stated comments he made were made in jest.  The statements were remote in time and were collateral to the main issues.  The use of the comments during cross-examination would likely have confused the jury as the jury would need to understand that Goebel's reprimand was not for making false statements.

Smith argues had the court not excluded the statements Goebel made during the reprimand investigation, the evidence of guilt would have been insufficient to convict him on Count One, and on Count Two as well, since conviction on the Count Two offense depended on his commission of the Count One offense. Since we uphold the court's exclusion of the statements at issue, his sufficiency-of-the-evidence argument depends on the sufficiency of the other evidence in the case. In our view, the evidence of guilt was more than necessary to convict. In addition to Goebel, Smith was confronted with the testimony of two other officers – Goebel's partner, Steve Heaven, and Ronald Robinson. Heaven, like Goebel, saw Smith with a gun in his hand; Robinson found the pill bottle and crack cocaine that Goebel described. We turn now to Smith's Count One sentence.

Smith asks that we remand his Count One sentence for reconsideration. "Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). "Although a defendant must ordinarily petition the district court for modification of his sentence, [we have held where the defendant] raised the sentencing issue on appeal . . . it is unnecessary to require him to take this

6

additional step." United States v. Vazquez, 53 F.3d 1216, 1228 (11th Cir. 1995) (vacating the sentence and remanding the case to the district court to determine whether to adjust sentence under an amended guideline).

The November 1, 2007, Sentencing Guidelines list a base offense level of 26 for possessing greater than 20 but less than 35 grams of cocaine base. U.S.S.G. § 2D1.1(c)(7) (2007). Smith was sentenced under the November 1, 2006, Guidelines, which listed a higher base offense level of 28 for possession of the same amounts. U.S.S.G. § 2D1.1(c)(6) (2006). The amendment reducing the base offense level by two is listed in the category of covered amendments for which 18 U.S.C. § 3582(c)(2) applies retroactively. U.S.S.G. § 1B1.10(c)(amend. 706) (March 3, 2008); U.S.S.G. (amend. 713) (March 3, 2008). Therefore, the district court may reduce the term of imprisonment upon motion of the defendant. 18 U.S.C. § 3582(c)(2). The two-level reduction authorized by the amendment could reduce Smith's sentence on the crack cocaine conviction to as low as 168 months' imprisonment. See U.S.S.G. at Sentencing Table. Whether Smith's Count One sentence should be reversed is a matter for the district court to consider. We therefore vacate his Count One sentence and remand the sentence on that count for reconsideration. Smith's convictions, however, are affirmed.

SO ORDERED.