[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16307
Non-Argument Calendar

_____

D. C. Docket No. 99-08115-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELO CARTHAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Angelo Carthan, through counsel, appeals the denial of his motion for a

sentence reduction, under 18 U.S.C. § 3582(c)(2). The district court denied Carthan's motion, finding that he was ineligible for a reduction because he was sentenced as a career offender, under U.S.S.G. § 4B1.1. On appeal, Carthan argues that the district court erred in finding that he was ineligible for a reduction because the court initially sentenced him based on an erroneous career-offender offense level.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements, found in U.S.S.G. § 1B1.10, state that a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Upon careful review of the record and consideration of the parties' briefs, we discern no reversible error. To the extent that Carthan challenges his career-offender offense level, such a challenge cannot prevail. "This Circuit has been

very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Rather, in a § 3582(c)(2) resentencing, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. Moreover, because Carthan was sentenced based on the career-offender offense level, the district court correctly found that he was not eligible for a sentence reduction. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009 (No. 08-8554) (holding that the district court does not have the authority to reduce the sentence of a defendant who was sentenced as a career offender under U.S.S.G. § 4B1.1). Accordingly, we affirm.

**AFFIRMED**