[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11907
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00041-LC-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO MATA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 11, 2012)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Alfredo Mata appeals *pro se* the district court's denial of his request for a sentence

reduction pursuant to 18 U.S.C. c 3582(c)(2) and Amendment 709 to the Sentencing Guidelines. He argues that the district court wrongly failed to address Amendment 709 in denying his motion, and improperly enhanced his sentence when it originally sentenced him in 2008.

In 2008, Mata was sentenced to a total of 146 months' imprisonment after he pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than 100 kilos of marijuana, in violation of 21 U.S.C. c 841(b)(1)(B)(vii); and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. 841(b)(1)(D).   He filed his first c 3582(c)(2) motion in 2011, and argued that a prior Texas conviction had been incorrectly used to increase the applicable mandatory minimum sentence.   While that motion was still pending, Mata filed a second c 3582(c)(2) motion in 2012, arguing, in part, that he was entitled to a sentence reduction pursuant to Amendment 709 to the Sentencing Guidelines.   The district court denied both motions, noting that Amendment 750 only applied to crack cocaine offenses.

Mata moved the court to reconsider, asserting that his motion was actually based on Amendment 709.   The court denied reconsideration, concluding that it lacked jurisdiction under c 3582(c)(2) to reduce his sentence.   It did not expressly address Amendment 709 or Mata's argument regarding the Texas conviction.

However, Mata's c 3582(c)(2) motion relying on Amendment 709 fails for several reasons.   First, because Amendment 709 was enacted on November 1, 2007, and Mata was not sentenced until 2008, Amendment 709 did not constitute a "subsequent" amendment.   *See* 18 U.S.C. § 3582(c)(2); *see* U.S.S.G. § 1B1.10(a)(1); *see* U.S.S.G. App. C, Amend. 709 (Nov. 1, 2007).   Second, Amendment 709 is not listed in c 1B1.10, which we require in order for an amendment to apply retroactively.   *See* U.S.S.G. § 1B1.10.   Third, even if Amendment 709 was

2

subsequent, retroactively applicable, and relevant, Mata appears to concede in his reply brief that Amendment 709 does not apply to him.

Accordingly, even though the district court failed to make an explicit finding regarding Amendment 709, the record is sufficient to permit "meaningful appellate review" and show that Mata was not eligible for a reduction under Amendment 709.  *See United States v. Tobin*, 676 F.3d 1264, 1309 (11th Cir. 2012).   Moreover, the court's mention of Amendment 750 rather than 709 was harmless, as Mata was not entitled to relief under Amendment 709.   Because his argument was meritless, the district court also did not abuse its discretion in denying his motion for reconsideration of the denials of his § 3582(c)(2) motions.

Upon review of the record, and consideration of the parties briefs, we affirm.[1]

**AFFIRMED.**

---

[1]   Because obtaining relief under § 3582(c)(2) is predicated upon a change to the applicable guideline provision through an amendment, and Mata's sentence enhancement claim regarding the use of a prior conviction to enhance his sentence does not involve an amendment, he is not entitled to relief, and we need not address that issue.   *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (noting that a § 3582(c) motion does not "grant to the court jurisdiction to consider extraneous sentencing issues").