*1283 MARTIN, Circuit Judge,
concurring:
Our precedent requires the outcome reached by the majority here and I therefore concur in the result. As the majority opinion sets out, a person who has been convicted of a crime, but whose lawyer failed to raise a point of law that could have lessened the sentence for that conviction, has a heavy burden to later get the benefit of the overlooked legal principle. It is black letter law that he must meet the “plain error” standard of review. The difficulty in showing “plain error” is intended to foster a system where parties must tell a court when it has made a mistake, so the court can fix it then and there.
Mr. Dell’s lawyer was the only one of three who were representing defendants[1] indicted in the case who did not make an argument that would have ultimately helped Mr. Dell. Specifically, Mr. Dell’s lawyer did not ask the District Court to consider the fact that sentences for defendants convicted of crack cocaine crimes were too harsh in comparison to sentences for defendants convicted of crimes involving powder cocaine. It is true that at the time Mr. Dell was sentenced it was not error for the District Court to treat a so-called crack defendant more harshly than a powder cocaine defendant. Indeed, our Circuit precedent prohibited the court from treating them the same. See United States v. Williams, 456 F.3d 1353, 1368-69 (11th Cir.2006), abrogated by Kimbrough v. United States, 552 U.S. 85, 91, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007). So Mr. Dell could not have gotten relief from the sentencing court on this ground, even if his lawyer had asked.
Even so, both lawyers representing Mr. Dell’s co-defendants appear to have been aware that the Supreme Court had recently heard argument in the case of Derrick Kimbrough. Mr. Kimbrough’s case presented the issue of whether a sentence outside the guideline range is unreasonable per se when it is based on the district judge’s own sense of the unfairness of the disparity between sentences for defendants convicted of crack cocaine offenses and defendants convicted of powder cocaine offenses. Kimbrough, 552 U.S. at 91, 128 S.Ct. at 564. The Supreme Court ultimately decided that the sentence given to Mr. Kimbrough was not rendered unreasonable by the fact that the District Court had given a sentence below the guidelines based on its finding that “the crack cocaine guidelines [drove] the offense level to a point higher than is necessary to do justice in this case.” Id. at 111, 128 S.Ct. at 575 (alteration in original) (quotation marks omitted).
Despite the fact that this issue of the crack/powder disparity in sentencing was very much alive and being debated in the United States Supreme Court, Mr. Dell’s lawyer did not raise it with the judge who sentenced Mr. Dell. Because this issue was not brought to the attention of the sentencing judge at the time he was sentenced, Mr. Dell’s eligibility for relief on this issue now depends upon whether the sentencing court’s adherence to Williams and the resulting sentence based on the 100:1 crack powder ratio was “plain error.” Fed.R.Crim.P. 52(b) (“A plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.”). The United States *1284 Supreme Court has elaborated that an appellate court can “correct a forfeited error only if (1) there is an error, (2) the error is plain, and (3) the error affect[s] substantial rights.” Henderson v. United States, — U.S. -, 133 S.Ct. 1121, 1123, 185 L.Ed.2d 85, No. 11-9307, 2013 WL 610203, at *6 (Feb. 20, 2013) (alteration in original) (quotation marks omitted). If those three conditions are met, then an appellate court can address the “forfeited error” if it (4) “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” Id. (alteration in original) (quotation marks omitted).
As the majority opinion points out, Mr. Dell has established that there was error because the District Court sentenced Mr. Dell at a time when Williams foreclosed it from considering the crack/powder disparity. Maj. Op. at 1275-76. The error was also plain. Id. Under our precedent, however, Mr. Dell has failed to establish the third condition — that is to show that his substantial rights were affected. One might naturally think that the fact that Mr. Dell did not get the benefit of this issue, which resulted in each of his co-defendants getting their sentences reduced by more than a third, means that Mr. Dell’s substantial rights were affected. But our precedent requires a finding to the contrary.
Sadly for him, Mr. Dell’s case is a good illustration of how difficult it is to meet our requirement that he show his substantial rights have been affected, as we defined that concept in United States v. Rodriguez, 398 F.3d 1291, 1299-1305 (11th Cir.2005). The idea that a defendant must show that he was prejudiced before he can get relief from an error that he failed to point out is beyond dispute. See United States v. Dominguez Benitez, 542 U.S. 74, 81, 124 S.Ct. 2333, 2339, 159 L.Ed.2d 157 (2004). The Supreme Court established that the defendant can carry his burden of demonstrating prejudice if he can show “a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.” Id. at 81-82, 124 S.Ct. at 2339 (alteration in original) (quotation marks omitted). Said another way, “the probability of a different result” must be “sufficient to undermine confidence in the outcome of the proceeding.” Id. at 83, 124 S.Ct. at 2340 (quotation marks omitted); see also Rodriguez, 398 F.3d at 1299 (quoting from Dominguez Benitez).
Our Court has its own articulation of the meaning of plain error review, as stated by the majority here. That is, if we don’t know whether the outcome would have been better for the defendant, or even if the chances for a greater or lesser sentence are the same (the majority uses the term “in equipoise”), then the defendant has failed to show that his substantial rights have been affected. Rodriguez, 398 F.3d at 1300-01. It seems to me that our articulation of this rule goes beyond what the Supreme Court requires for showing plain error. Specifically, if the chances are just as likely that a court would have acted to favor a defendant, as not, then (absent our precedent) I would say the defendant has carried his burden of showing a “reasonable probability” that the outcome would have been different. See Dominguez Benitez, 542 U.S. at 81-82, 124 S.Ct. at 2339. “[C]onfidence in the outcome of the proceeding” would be “undermine[d].” Id. at 83, 124 S.Ct. at 2340 (quotation marks omitted). I am not the first to think of this, as demonstrated by the conversation this Court had about this standard when we adopted it. See United States v. Rodriguez, 406 F.3d 1261 (11th Cir.2005) (en banc).
As I mentioned, Mr. Dell’s case is a good example of how very narrow a defen *1285 dant’s ability to show prejudice is under Rodriguez. While the majority says that we do not know whether Mr. Dell would have been better off if his counsel had raised the issue of the crack/powder disparity with the sentencing judge, I think we do. We know, because the District Court told us so in its Order dated March' 28, 2011. Specifically Judge Moody said:
It would be just for this Court to treat Dell the same as his two co-defendants in determining his sentence. But this Court is constrained from concluding that sentencing counsel was ineffective because of the Eleventh Circuit’s prior ruling that counsel is not ineffective for failing to raise a claim before the law has actually changed, even when such argument is reasonably available and made by other counsel.
Even in light of Judge Moody’s expressed desire to lower Mr. Dell’s sentence to the same extent that he had lowered the sentences of the other defendants in that case, our precedent did not permit it. Thus, Mr. Dell was plainly penalized because of his lawyer’s failure to adopt the argument made by counsel for his co-defendants.
Although the sentencing judge clearly told us that he felt it would be just to give Mr. Dell the benefit of the same legal principle that benefitted his co-defendants, our precedent requires us to rule based on the legal fiction that we do not know the trial judge’s idea of justice for Mr. Dell. Precedent requires this because the sentencing judge did not tell us at a point in time which we are allowed to consider, insofar as we are confined to the record that would have been available to his counsel on direct appeal. Thus, in order to have a sufficient record from the time of the direct appeal, the sentencing judge would be required to say what different sentence he would impose if any of the myriad of legal principles and precedent that bind him did not exist. Indeed, counsel for Mr. Dell’s co-defendant was practically begging for the sentencing judge to say he would impose a different sentence if the precedent requiring more harsh sentences for crack defendants than powder cocaine defendants did not exist. All counsel managed to get was a passing “so rule[d]” from the bench. All things considered, counsel was lucky to get that.
That is because, practically speaking, a sentencing hearing is not a proper forum for a judge who is imposing a sentence to air his list of grievances with existing precedent. To do so would show disrespect for the very court system he represents as he sits in the presence of the defendant who has been convicted in that court, and who is standing to receive his sentence. It is not desirable, much less realistic, to expect a sentencing judge to dedicate the time at every sentencing to pull out his laundry list of all of the precedent which binds him, then go down the list to say what sentence he would impose if it happened that any of the precedent were different.
The majority repeatedly and accurately observes that we are confined to what we know from the record available at the time of Mr. Dell’s direct appeal. It nevertheless goes on to allow that even if we consider what happened after Mr. Dell’s sentence was imposed, we would give him no relief, because the Fair Sentencing Act allowed the judge to resentence Mr. Dell, and Mr. Dell certainly got all the relief the sentencing judge wanted to give him. Maj. Op. at 1279-81. I do not share the majority’s confidence.
This Court remanded Mr. Jenkins’s and Ms. Jones’s cases for limited resentencing in light of Kimbrough, because they had raised the issue in the District Court and on appeal. United States v. Henry, 307 Fed.Appx. 331, 338-40 (11th Cir.2009). The District Court gave them the same *1286 sentences as they would have received if their offense involved powder cocaine, rather that crack. In making this adjustment, the sentencing judge consulted his prior findings about the amount or weight of cocaine he had attributed to each defendant in their original sentencing hearing. For Mr. Jenkins, the amount of crack cocaine attributed to him was at least 1.5 kilograms of cocaine base, but less than 4.5 kilograms. At his first sentencing, this resulted in a guideline total offense level of 34,[2] which after adjustments, gave him a range of 151-188 months. Mr. Jenkins received a sentence of 151 months. When Mr. Jenkins was resentenced, the same as if he had committed a powder cocaine offense,[3] the recalculation resulted in a guideline range of 78-97 months, and a sentence of 87 months. For Ms. Jones, the amount of crack cocaine attributed to her was less — 1.2 kilograms. At her first sentencing, when increased by two levels based on her obstruction of justice, she had a guideline total offense level of 36, which after adjustments gave her a range of 188-235 months, and a sentence of 188 months. When she was resentenced, also the same as if she had committed a powder cocaine offense, the recalculation for her (like Mr. Jenkins) resulted in a guideline range of 78-97 months. Unlike Mr. Jenkins, Ms. Jones was subject to a statutorily required minimum sentence of 120 months, and that is what she got. To be clear, Ms. Jones received the lowest sentence the law allowed.
Mr. Dell’s resentencing played out in a different way. At his first sentencing, Mr. Dell was held responsible for “a very conservative estimate” of 1.5 kilograms of crack cocaine, resulting in a total offense level of 36. See United States Sentencing Guidelines § 2D1.1(c)(2), Drug Quantity Table (Nov. 2007). At offense level 36 and criminal history category III, Mr. Dell’s guideline range was 235-293 months. See U.S.S.G. ch. 5, pt. A, Sentencing Table (Nov. 2007). If he had been resentenced as a powder offender instead of a crack offender, my calculation results in a guideline range of 78-97 months, based on a total offense level of 26 and a criminal history category III. See U.S.S.G. § 2D1.1(c)(7), Drug Quantity Table (Nov. 2007); U.S.S.G. ch. 5, pt. A, Sentencing Table (Nov. 2007).[4] Mr. Dell, like Ms. *1287 Jones, was subject to a statutory mandatory minimum sentence of ten years, so the District Court had discretion to give Mr. Dell only a ten-year sentence. In contrast with how he resentenced Ms. Jones, the court did not impose the statutory minimum sentence. After Mr. Dell was resen-tenced pursuant to Amendment 750’s revised drug table, his sentence was 168 months.[5]
The majority concludes that “the judge chose not to go lower than 168 months when he had the opportunity to do so in 2012.” Maj. Op. at 1280. However, this seasoned district judge well knew that in reducing Mr. Dell’s sentence below 188 months, he was exceeding the authority given to him by the amendment to the guidelines. As the majority points out, the reduction to 188 months was authorized by Amendment 750.[6] Maj. Op. at 1280. The further reduction of twenty more months was not. Indeed, if the government had chosen to appeal the additional twenty-month reduction to this court, the sentence would have been reversed, in light of the judge’s lack of authority. For this reason, the sentencing judge was constrained in his resentencing of Mr. Dell in ways that he was not constrained in his resentencing of Mr. Jenkins and Ms. Jones. We have held repeatedly that a sentencing adjustment undertaken pursuant to 18 U.S.C. § 3582(c)(2), such as a reduction based on Amendment 750, is not a de novo resen-tencing. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir.2000). In light of this constraint on the sentencing judge in his resentencing of Mr. Dell, I do not share the confidence of the majority that the judge “chose not to go lower than 168 months.” Maj. Op. at 1280. Neither do I fully agree that he had a viable “opportunity” to go lower. Id.
Finally, because Mr. Dell cannot satisfy the third condition of plain error review under our precedent, we are not called upon to address the fourth condition, about whether the “error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.” See Henderson, 133 5.Ct. at 1127, No. 11-9307, 2013 WL 610203, at *6 (quotation marks omitted). The majority acted in keeping with our standard procedures when it did not address this condition. At the end of the day, this condition requires us to examine the perceptions others have about what we do. I therefore think it worth a mention.
Although there are certainly as many approaches as there are judges, I have come to think of this condition from the standpoint of the taxpaying public who funds our courts, and from the viewpoint of the family members of criminal defendants who sadly find themselves before us. With this in mind, I am simply not able to articulate any explanation of why Mr. Dell is being treated differently from his co-defendants that would strike me as fair if he were a family member of mine. I am sorry for this, because we have been entrusted with the responsibility to maintain the integrity and public reputation of this institution. When the public we serve ean- *1288 not make sense of how or why we do what we do, we put those things at risk.

. The second superseding indictment charged Tony Jerome Henry, Edward Dell, Tomiki Jenkins, Helena Jones, and Tyrone Pittman. I read the docket to say that the charges against Tyrone Pittman were dismissed. Mr. Henry received a sentence of life imprisonment, and his sentence did not present the same issues as that of Mr. Dell, Mr. Jenkins, and Ms. Jones. Thus, when I refer to the three defendants, I am referring to Mr. Dell, Mr. Jenkins, and Ms. Jones.

. Mr. Jenkins was originally calculated to have an offense level of 38 based on the quantity of crack cocaine. This was adjusted to a level 36 because of a change in the guidelines that went into effect between the time the Presentence Report was prepared and the time he was sentenced. His offense level was then adjusted to a level 34 because he qualified for application of the safety-valve, which directs the sentencing court to decrease the defendant's offense level by two and disregard the statutory minimum manda-toiy sentence. See 18 U.S.C. § 3553(f); United States Sentencing Guidelines §§ 2Dl.l(b)(ll), 5C1.2 (Nov. 2007).

. When Mr. Jenkins was resentenced, the District Court assumed the quantity was closer to the high end of the range it established at the original sentencing — 4.5 kilograms. This resulted in a total offense level of 28. See U.S.S.G. § 2D1.1(c)(5), Drug Quantity Table (Nov. 2007).

.This ássumes that the District Court adopted a quantity of 1.5 kilograms as it seemed to do at Mr. Dell's initial sentencing. If the District Court adopted a quantity of 4.5 kilograms, as it did for Mr. Jenkins’s resen-tencing, Mr. Dell’s guideline range would be 121-151 months (offense level 30, criminal history category III). See U.S.S.G. § 2D 1.1 (c)(5), Drug Quantity Table (Nov. 2007); U.S.S.G. ch. 5, pt. A, Sentencing Table (Nov. 2007). If the District Court instead adopted a quantity amount in the middle of the 1.5-4.5 kilogram range (e.g. 3 kilograms), Mr. Dell’s new guideline range would be 97-121 months (offense level 28, criminal history category III). See U.S.S.G. § 2D1.1(c)(6), Drug Quantity Table (Nov. 2007); U.S.S.G. ch. 5, pt. A, Sentencing Table (Nov. 2007).

. By my calculation, Mr. Jenkins’s sentence was reduced by 42%. Ms. Jones, who faced a statutory mandatory minimum sentence of ten years, nevertheless had her sentence reduced by 36%. Mr. Dell's sentence was reduced by 28.5%.

. The Fair Sentencing Act "had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1.” Dorsey v. United States,-U.S. -,-, 132 S.Ct. 2321, 2329, 183 L.Ed.2d 250 (2012). Thus, at his resentencing Mr. Dell faced an 18-to-l crack to powder ratio while Mr. Jenkins and Ms. Jones faced a 1-to-1 ratio.