[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10548
Non-Argument Calendar
_____

D.C. Docket No. 8:04-cr-00249-RAL-MSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN D. MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 28, 2013)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Ryan D. Moore appeals *pro se* the district court's denial of his request for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. He argues that the court erred by not reducing his sentence, and contends that the district court failed to make a finding of fact regarding the drug quantity when he was convicted in 2005.

In 2004, Moore pled guilty to two felony crack cocaine offenses. A presentence investigation report ("PSI") noted that he was held responsible for 1,173.8 grams of crack cocaine and 90 grams of powder cocaine, which corresponded with a base offense level of 36. After various adjustments, Moore's total offense level was 35. In 2005, the district court sentenced him to a total of 180 months' imprisonment. In 2008, he moved for a § 3582(c)(2) sentence reduction under Guideline Amendment 706, which revised the drug quantity tables for crack cocaine and, at that time, reduced Moore's base offense level to 34 and his total offense level to 33. The court granted his 2008 motion, reducing his total sentence to 135 months' imprisonment.

In November 2011, Moore filed the present *pro se* motion for a sentence reduction under § 3582(c)(2) pursuant to Guideline Amendment 750. Amendment 750, made retroactively applicable effective November 1, 2011, by Amendment 759, again revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759. After Amendment 750, however, Moore's base offense level

2

remains at 34 and his total offense level is still 33. *Id.* The district court denied Moore's 2011 motion because Amendment 750 did not lower his Guideline range. Moreover, a reduction, is not consistent with the Guidelines' policy if it does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). A proceeding under § 3582(c)(2) and U.S.S.G. § 1B1.10 does not constitute a full resentencing, and the district court must maintain all original sentencing determinations, with the sole exception of applying the relevant amended guideline range. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

Here, the district court did not abuse its discretion by denying Moore's § 3582(c)(2) motion, as it correctly concluded that Moore was not eligible for a reduction because Amendment 750 did not reduce his offense level, so his Guideline range also did not change. *See* 18 U.S.C. § 3582(c)(2). As Moore's base offense level remains at 34, the same as it was when the court reduced his sentence in 2008, he was not eligible for a sentence reduction pursuant to § 3582(c)(2) and Amendment 750.

**AFFIRMED.**