[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15246
Non-Argument Calendar
_____

D.C. Docket No. 9:03-cr-80056-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARLTON D. SPAULDING,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 20, 2015)

Before WILSON, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Karlton Spaulding appeals the denial of his motion to reduce his sentence.

18 U.S.C. § 3582(c)(2). Spaulding based his motion on Amendment 782 to the Sentencing Guidelines. We affirm.

Spaulding disappeared before he was indicted for conspiring to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, attempting to possess with intent to distribute at least five kilograms of cocaine, *id.*, and carrying a firearm during and in relation to drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i). After his arrest, Spaulding moved unsuccessfully to dismiss his indictment based on the denial of his right to a speedy trial in violation of the Sixth Amendment. At trial, a jury rejected Spaulding's defense of entrapment and found him guilty of the firearms offense and of conspiring to and attempting to distribute cocaine, but the jury found that Spaulding's drug crimes involved only 500 grams of cocaine.

At sentencing, the district court relied on the jury's finding as to drug quantity. Although the presentence investigation report assigned Spaulding an offense level of 32 based on the 7 kilograms of cocaine that he arranged to purchase initially, the district court sustained Spaulding's objection to the amount. The district court determined that the jury had a "rational basis" to find that Spaulding had negotiated to buy a lesser quantity of cocaine on several occasions, and the district court assigned Spalding an offense level of 30 based on a drug amount of 3.5 to 5 kilograms of cocaine. With a criminal history of III, Spaulding

2

had an advisory sentencing range between 121 and 151 months of imprisonment for his drug crimes and a mandatory consecutive sentence of 60 months of imprisonment for his firearm offense. The district court sentenced Spaulding to 181 months of imprisonment based on the significant amount of cocaine involved, his participation in criminal activities during a term of probation, and his criminal history, which included a conviction for aggravated assault for shooting a man and a charge for essentially identical misconduct that had been *nol prossed*. *See* 18 U.S.C. § 3553(a).

Spaulding moved to reduce his sentence to 157 months, but the district court denied the motion. *See id.* § 3582(c)(2). The district court reduced Spaulding's offense level by two levels and calculated a revised sentencing range of 97 to 121 months with a consecutive term of 60 months for his firearm offense. The district court refused to reduce Spaulding's sentence because he had been given "the benefit of the doubt" and found responsible for "less than five kilograms" of cocaine; his sentence was "fair and just" under his new sentencing range; and a shorter sentence "would not promote respect for the law," "afford adequate deterrence," or "protect the public" in the light of the "significant amount of cocaine" involved and his "significant criminal history." The district court found that "Spaulding's post-conviction efforts at rehabilitation" did "not merit a reduction in what was [already] a lenient sentence."

3

The district court did not abuse its discretion when it denied Spaulding's motion to reduce. Spaulding argues that the district court ignored its earlier determination that the jury's verdict established the amount of cocaine and treated that verdict as a lucky break that did not apply to the motion to reduce, but the district court did not disturb its original determination that Spaulding's offense involved less than five kilograms of cocaine, *see United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Based on the amended drug quantity table, the district court correctly assigned Spaulding an offense level of 28, U.S.S.G. § 2D1.1(c)(6), which resulted in a sentencing range between 97 and 121 months of imprisonment, *id.* Ch. 5, Pt. A. *See Bravo*, 203 F.3d at 780.

The district court reasonably determined that a reduction of Spaulding's sentence would not serve the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). Spaulding argues that the purposes of the crack cocaine amendments, his good behavior "between the commission of [his] offense [and] his arrest," and his postconviction efforts at rehabilitation all weigh in favor of granting his motion to reduce, but we do not reweigh the sentencing factors, *United States v. Saac*, 632 F.3d 1203, 1214–15 (11th Cir. 2011). We cannot say that the district court clearly erred in weighing the sentencing factors by imposing a sentence that lies outside the range of reasonable sentences. *See id.*

We **AFFIRM** the denial of Spaulding's motion to reduce his sentence.

4