[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15466
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60016-WJZ-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON WALL, IV,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 2, 2015)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Aaron Wall, IV, is serving concurrent prison sentences of 144 months for conspiracy to possess with intent to distribute five kilograms or more of cocaine and for attempting to possess with intent to distribute that amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively.  These sentences, imposed in 2008 and calculated based upon a total offense of level 32 and Wall's category I criminal history, were within the Sentencing Guidelines sentence range of 121 to 151 months.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  On November 6, 2014, Wall moved the District Court to do just that. Wall asked the court to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines, which amended the Drug Quantity Table under U.S.S.G. § 2D1.1(c) to retroactively reduce the offense levels applicable to certain cocaine offenses, including those for which Wall had been convicted.  Amendment 782 reduced the offense level for Wall's offenses from 32 to 30, effectively lowering the sentence range for his offenses from 121 to 151 months to 97 to 121 months.

On November 19, 2014, the District Court entered an order denying Wall's motion on the theory that Wall's sentences were "dictated by a ten-year statutory mandatory minimum, pursuant to 21 U.S.C. § 841(b)(1)(A), and he is, therefore,

ineligible for a reduction of his sentence." Wall appeals the ruling, arguing that the District Court erred in concluding that he is ineligible for § 3582(c)(c) relief.

The District Court did indeed err, as the Government properly concedes. Appellee's Br. 4. The court had the authority to reduce Wall's sentences under § 3582(c)(2) because Amendment 782 had the effect of lowering the applicable Guidelines sentence range. Due to the ten-year statutory mandatory minimum, the new sentence range is 120 to 121 months, *see* U.S.S.G. § 5G1.1(c)(2), which is still lower than the original sentence range of 121 to 151 months.

The judgment of the District Court is accordingly vacated, and the case is remanded to enable the court to determine, in its discretion and in light of the 18 U.S.C. § 3553(a) sentencing factors, whether to let Wall's sentences stand as is or to resentence him under the amended Guidelines sentence range. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

VACATED AND REMANDED.