[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11670
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20879-FAM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


ALVARO ENRIQUE MURILLO MARTINEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 5, 2015)

Before HULL, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Alvaro Enrique Murillo Martinez appeals <u>pro se</u> the denial of his motion to

reduce his sentence based on Amendment 782 to the Sentencing Guidelines. 18 U.S.C. § 3582(c). We affirm.

The district court did not abuse its discretion when it denied Martinez's motion. In 2014, the district court reduced Martinez's sentence from 119 months of imprisonment to 72 months of imprisonment based on Federal Rule of Criminal Procedure 35, but amendment 782 did not alter Martinez's sentencing range. The district court denied Martinez's motion because he "agreed [in the factual proffer to his plea agreement] that the weight of the cocaine involved was 900 kilograms of cocaine," which made him ineligible for a further reduction of his sentence. *See* U.S.S.G. § 2D1.1(c)(1) (assigning a base offense level of 38 for cases involving 450 kilograms or more of cocaine). Martinez challenges the amount of cocaine attributed to him, but the district court could not disturb its earlier finding about drug quantity when considering Martinez's motion to reduce. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Because Martinez was ineligible for a reduction of his sentence, the district court lacked the authority to consider the statutory sentencing factors or to exercise its discretion to impose a new sentence. *Id.* at 781.

We **AFFIRM** the denial of Martinez's motion to reduce his sentence.