[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11716
Non-Argument Calendar

_____

D.C. Docket No. 0:93-cr-06104-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES A. MCGEE,
a.k.a. James Allen McGee,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2015)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

James McGee appeals the denial of his motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). McGee sought a reduction based on Amendment 782 to the Sentencing Guidelines. We affirm.

The district court did not abuse its discretion when it denied McGee's motion because Amendment 782 did not alter his sentencing range. At sentencing, the district court found, over McGee's objection, that he was responsible for 17,593 grams of ephedrine that could be used to produce 16.18 kilograms of pure methamphetamine. *See* U.S.S.G. § 2D1.1(a)(3)(C)(1). Based on that drug quantity, McGee was ineligible for a sentence reduction because his base offense level remained unchanged. *Id*. § 2D1.1(c)(1) (assigning a base offense level of 38 for cases involving 4.5 kilograms or more of methamphetamine). McGee argues that he was entitled to an evidentiary hearing to challenge the amount of methamphetamine attributed to him, but the district court could not disturb its earlier finding about drug quantity when considering McGee's motion to reduce. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Because McGee was ineligible for a reduction of his sentence, the district court lacked the authority to consider the statutory sentencing factors or to exercise its discretion to impose a new sentence. *Id.* at 781.

We **AFFIRM** the denial of McGee's motion to reduce his sentence.