[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11002
Non-Argument Calendar

_____

D.C. Docket No. 1:92-cr-00173-FAM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO HERNANDEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gilberto Hernandez appeals *pro se* the denial of his motion to reduce his sentence of imprisonment for life. 18 U.S.C. § 3582(c)(2). Hernandez sought a reduction based on Amendment 782 to the Sentencing Guidelines. We affirm.

The district court did not err by denying Hernandez's motion to reduce. Because Hernandez's sentence was based on the statutory mandatory minimum, United States Sentencing Guidelines Manual § 5G1.1(b) (Nov. 1993), not on the drug quantity tables, *see id.* § 2D1.1, he was ineligible for a reduction of his sentence under Amendment 782, *see id.* § 1B1.10 cmt n.1(A). Hernandez argues that he was entitled to a reduction under the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), but a district court cannot consider the sentencing factors unless it determines that a defendant is eligible for a sentence reduction. *See United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). The district court lacked authority to reduce Hernandez's sentence.

We **AFFIRM** the denial of Hernandez's motion to reduce.

2