[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13157
Non-Argument Calendar
_____

D.C. Docket No. 2:94-cr-14098-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE LEONARD,
a.k.a. Crow,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2016)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Johnny Lee Leonard, a federal prisoner proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. In 1995, Leonard was sentenced to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) after he was convicted for various drug-related offenses. He seeks relief from this sentence under Amendment 782 to the Sentencing Guidelines. On appeal, Leonard argues his sentence is unlawful because, under *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), § 841(b)(1)(A) does not apply to him and, consequently, the district court erred in refusing to grant him relief. However, under the present procedural posture, Leonard cannot challenge the original sentencing court's § 841(b)(1)(A) decision. In addition, Leonard is not otherwise eligible for relief under Amendment 782. Therefore, we affirm.[1]

Section 3582(c)(2) only "permits a sentence reduction within the narrow bounds established by" the guideline amendment at issue. *Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010). "In making [a § 3582(c)(2)] determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other [sentencing] decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1); *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000). Hence, § 3582(c)(2) "does not grant to the court jurisdiction to consider

---

[1] Leonard also appeals the district court's denial of his motion for reconsideration. We likewise affirm that denial.

extraneous [non-guidelines] resentencing issues such as" whether the original sentencing court erred in applying § 841(b)(1)(A) to Leonard.  *See Bravo*, 203 F.3d at 782.  Moreover, Leonard is not otherwise eligible for relief under Amendment 782 because he "was sentenced on the basis of a mandatory minimum."  *See United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010); *United States v. Hippolyte*, 712 F.3d 535, 540 (11th Cir. 2013).

**AFFIRMED.**