[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12809
Non-Argument Calendar
_____

D.C. Docket No. 9:99-cr-08091-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDY PIERRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 30, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Andy Pierre, through counsel, appeals from the district court's denial of his *pro se* motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, he argues that he was entitled to a sentence reduction under Amendment 782, because his sentence was based, at least in part, on U.S.S.G. § 2D1.1, and he challenges his career offender designation based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague.

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).  Section 3582(c)(2) does not grant the district court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence.  *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).  Instead, collateral attacks must be brought under 28 U.S.C. § 2255.  *Id.*

2

For a defendant to be eligible for a reduction under § 3582(c)(2), the Sentencing Commission must have amended the guideline at issue, the amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d).  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)).  Amendment 782 provided for a two-level reduction in base offense levels for most drug quantities listed in U.S.S.G. § 2D1.1(c), and may serve, when applicable, as the basis for a sentence reduction. *See* U.S.S.G. App. C, amend. 782; *Id.* § 1B1.10(d).

However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *Moore*, 541 F.3d at 1330.  Thus, where a defendant's sentence was based on the guideline range for a career offender under U.S.S.G. § 4B1.1, an amendment to the base offense levels applicable to the defendant under U.S.S.G. § 2D1.1 does not affect the guideline range, because the defendant's base offense level under § 2D1.1 "played no role" in the calculation of the guideline range.  *Id.* at 1327, 1330.

The district court did not err when it denied Pierre's motion for a reduction of his sentence because he was sentenced based on the career offender guideline under U.S.S.G. § 4B1.1, rather than the drug quantity tables under

3

U.S.S.G. § 2D1.1.  Therefore, he is ineligible for relief based on Amendment 782, because the amendment did not alter his guideline range.  *Moore*, 541 F.3d at 1327, 1330.  Although Pierre now attempts to challenge his career offender designation, he cannot challenge that determination in a § 3582(c)(2) proceeding.  *Bravo,* 203 F.3d at 782.

**AFFIRMED.**

4