[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13934
Non-Argument Calendar
_____

D.C. Docket No. 3:92-cr-03057-LC-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASWELL A. CRAWFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 28, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Caswell A. Crawford, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Crawford's § 3582(c)(2) motion was based on Amendments 706 and 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1(c). See U.S.S.G. app. C, amends. 706, 750. The district court denied the § 3582(c)(2) motion because, due to Crawford's status as a career offender, Amendment 750 had no effect on his applicable guidelines range. After review, we affirm.[1]

Pursuant to § 3582(c)(2), the district court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

A sentence reduction is not authorized if the amendment does not lower the defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A). As such, when a crack cocaine defendant is sentenced as a career offender under U.S.S.G. § 4B1.1, rather than under § 2D1.1(c)'s drug quantity table, the defendant is not eligible for a § 3582(c)(2) reduction based on amendments to the crack cocaine offense levels in § 2D1.1(c) because the amendments did not lower the sentencing range upon which the defendant's sentence was based. See Moore, 541 F.3d at 1327-28.

Here, the district court did not err in denying Crawford's § 3582(c)(2) motion because Crawford's sentencing range of 360 months to life remains the same even after Amendments 706 and 750.

At his sentencing, Crawford was held accountable for 5 kilograms of crack cocaine. Using the drug quantity table, Crawford's base offense level was 40 under U.S.S.G. § 2D1.1(c)(2) (1991). However, Crawford was designated a career offender. Under the career offender provision, U.S.S.G. § 4B1.1, Crawford's base offense level was 37 and his criminal history category was VI. See U.S.S.G. § 4B1.1(A) (1991). Following § 4B1.1's instructions, the district court applied the greater offense level—level 40 under U.S.S.G. § 2D1.1(c)(2)—with the criminal history category of VI, resulting in a guidelines range of 360 months to life

3

imprisonment.  See U.S.S.G. § 4B1.1 (1991).  The district court ultimately imposed a 420-month sentence.

Had Amendments 706 and 750 been in effect at Crawford's original sentencing, his base offense level (for 5 kilograms of cocaine base) would have been 36, instead of 40.  See U.S.S.G. § 2D1.1(c)(2) (2012).[2]  However, because Crawford is a career offender, pursuant to § 4B1.1, the district court would have applied the greater offense level, which would have been the career offender offense level of 37.  See U.S.S.G. § 4B1.1(b)(1).  An offense level of 37 and a criminal history category of VI yields a guidelines range of 360 months to life, the same range that actually applied at Crawford's original sentencing.  See U.S.S.G. Sentencing Table, ch. 5, pt. A.  Thus, Amendments 705 and 750 did not lower Crawford's sentencing range, and, under our precedent in Moore, the district court lacked authority under § 3582(c)(2) to reduce Crawford's sentence.

**AFFIRMED.**

---

[2]The record does not support Crawford's claim that his total offense level would be 35 because of an acceptance-of-responsibility reduction.  At his original sentencing, the district court denied Crawford's request for an acceptance-of-responsibility reduction.  To the extent Crawford argues he now is entitled to such a reduction, that argument is outside the scope of a § 3582(c)(2) proceeding.  See U.S.S.G. § 1B1.10(b)(1) (instructing district court to substitute only the amended guidelines provision and "leave all other guideline application decisions unaffected"); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (stating that a § 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues).