[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10812
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20413-PAS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MADIEDO,
a.k.a. Toga Naju,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 29, 2015)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Juan Madiedo appeals *pro se* his sentence of 135 months of imprisonment imposed after the district court reduced his original sentence of 140 months of imprisonment for his drug offense. *See* 18 U.S.C. § 3582(c)(2). Madiedo moved for a reduction based on Amendment 782 to the Sentencing Guidelines. We affirm.

In 2012, Madiedo pleaded guilty to conspiring to distribute at least 500 grams of methamphetamine. 21 U.S.C. § 846. Madiedo admitted that he was responsible for 1.066 kilograms of methamphetamine and .623 kilograms of a substance containing a detectable amount of methamphetamine, which was equivalent to 22,567 kilograms of marijuana. Madiedo had a base offense of 36, United States Sentencing Guidelines Manual § 2D1.1(a)(5), (c)(2) (Nov. 2011), and received a three-level reduction for acceptance of responsibility, *id.* § 3E1.1. With an adjusted offense level of 33 and a criminal history of III, Madiedo had an advisory guideline range between 168 and 210 months of imprisonment. The district court varied downward from the advisory range and sentenced Madiedo to 140 months of imprisonment.

In 2014, Madiedo moved to reduce his sentence under Amendment 782. Madiedo requested a two-level reduction of his offense level and a downward variance from his amended guideline range. The government agreed that Madiedo was entitled to a reduction of his sentence, "but only to the bottom of the newly revised guidelines, here 135 months." *See* U.S.S.G. § 1B1.10(b)(2)(A).

The district court granted Madiedo's motion and reduced his sentence from 140 to 135 months of imprisonment. The district court entered an order stating that the motion was "based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission." The sentence reduction, the district court stated, took "into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable."

"We review *de novo* the district court's legal conclusions regarding the scope of its authority" to reduce a sentence under the Sentencing Guidelines, *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008), and we review its decision whether to grant or deny the motion for abuse of discretion, *id.* at 1368 n.1. A district court may reduce a term of imprisonment when the defendant's guideline range is lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). After the district court recalculates the sentence under the amended guidelines, it must decide, in the light of the statutory sentencing factors, *id.* § 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), which preclude a "full resentencing of the defendant,"

3

U.S.S.G. § 1B1.10(a)(3); *see Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010).

The district court did not err in reducing Madiedo's sentence to 135 months of imprisonment. Madiedo argues that he is entitled to a base offense level of 30 based on a lesser quantity of drugs than were attributed to him at sentencing, but when considering a reduction of sentence "all original sentencing determinations remain unchanged," *Bravo*, 203 F.3d at 781. Based on the amended drug table, the district court correctly assigned Madiedo an offense level of 34, U.S.S.G. § 2D1.1(c)(3), which, with a three-level reduction for his acceptance of responsibility and a criminal history of III, resulted in an amended sentencing range between 135 and 168 months of imprisonment, *id.* Ch. 5, Pt. A. Madiedo argues that he was entitled to a downward variance from the low end of his amended range, but the Sentencing Guidelines prohibit the district court from reducing a sentence "to a term . . . less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). That limitation applies even though "the term of imprisonment imposed was outside the guideline range applicable to [Madiedo] at the time of sentencing." *See id.* § 1B1.10 cmt. n.3.

We **AFFIRM** Madiedo's amended sentence.

4