[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12776
Non-Argument Calendar
_____

D.C. Docket No. 0:02-cr-60267-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCIS MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 23, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Francis Miller, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. After careful review, we affirm.

## I. BACKGROUND

In 2003, a jury convicted Defendant of one count of conspiracy to import at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), 963 ("Count One"); one count of attempting to import at least five kilograms of cocaine, in violation of §§ 952(a), 960(b)(1)(B), 963 ("Count Two"); one count of conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846 ("Count Three"); one count of possession with intent to distribute at least five kilograms of cocaine, in violation of § 841(a)(1), (b)(1)(A)(ii) ("Count Four"); and one count of attempted reentry into the United States after deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) ("Count Five").

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR"). Applying the 2002 Sentencing Guidelines, the PSR assigned Defendant a base offense level of 36, pursuant to U.S.S.G. § 2D1.1(c)(2), because he was responsible for at least 50 but less than 150 kilograms of cocaine

2

(60.12 kilograms).[1]  Because he did not receive any other enhancements or adjustments, Defendant's total offense level was 36.

Defendant received three criminal history points, based on his 1998 conviction at the age of 19 for manslaughter with a firearm.[2]  He also received an additional two criminal history points because he committed the present offenses while serving a term of probation, which resulted in a total of five criminal history points and a criminal history category of III.  Based on a total offense level of 36 and a criminal history category of III, Defendant's advisory guideline range was 235 to 293 months.

At sentencing, the Government asserted that a sentence at the high end of the guideline range was appropriate.  In particular, Defendant had a lengthy criminal record, including seven felony convictions that had not been fully taken into account by his criminal history category because he began committing crimes at the age of 11.  The district court explained that Defendant's history indicated that he might not be able to rehabilitate himself, as he began committing crimes at a young age and had committed progressively more serious crimes leading up to his manslaughter conviction.  And although he had not been arrested in the past six

---

[1]  The PSR grouped Counts One through Four, pursuant to U.S.S.G. § 3D1.2(d), because the offense level was based largely on the amount of cocaine involved.  Given that the total offense level for Counts One through Four was nine levels higher than the offense level for Count Five, Count Five did not increase the offense level under U.S.S.G. § 3D1.4(c).  Thus, the guidelines were calculated pursuant to U.S.S.G. § 2D1.1.

[2]  After completing his sentence for manslaughter, Defendant was removed to the Bahamas.

years, he was either incarcerated or out of the country during that time. Moreover, Defendant committed the present drug offenses within three years of being deported, and the drug offenses were serious, as they involved 60 kilograms of cocaine. Stating that a sentence at the high end of the guideline range was necessary to deter individuals like Defendant, the district court sentenced him to 288 months' imprisonment as to each of Counts One through Four, and 240 months' imprisonment as to Count Five, to be served concurrently. We affirmed Defendant's convictions and sentences on direct appeal. *United States v. Miller*, 124 Fed. App'x 640 (11th Cir. 2004) (Table).

In 2015, Defendant filed a *pro se* motion for a reduction in sentence pursuant to § 3582(c)(2) and Amendment 782. He argued that Amendment 782 lowered his total offense level from 36 to 34, which reduced his guideline range to 188 to 235 months' imprisonment. He requested that the district court reduce his sentence to 188 months, in light of his post-sentencing conduct, which demonstrated rehabilitation in both his behavior and thought.

The district court denied Defendant's motion, concluding that, although Amendment 782 reduced Defendant's guideline range, a reduction was not warranted in light of Defendant's history and characteristics. Specifically, Defendant committed the present drug offenses while attempting to illegally re-enter the United States, and he had previously been deported after his felony

4

convictions for burglary of a conveyance, aggravated assault with a deadly weapon, and manslaughter with a firearm.

Defendant now appeals from that decision, arguing that the district court abused its discretion by denying his § 3582(c)(2) motion.  He asserts that the district court erred by failing to calculate his amended guideline range under Amendment 782, and by failing to consider his post-sentencing rehabilitative conduct.

## II.  DISCUSSION

We review a district court's decision to deny a sentence reduction under § 3582(c)(2) for an abuse of discretion.  *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008).

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Amendment 782 reduced the base offense level for most drug offenses by two levels.  *Id.* § 1B1.10(d); U.S.S.G. App. C, Amend. 782 (2014).

5

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must "determin[e] a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* At this step, all other guideline application decisions made during the original sentencing remain the same. *Id.* Second, the district court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) factors,[3] to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781.

Here, the district court did not abuse its discretion by denying Defendant's motion for a sentence reduction. First, the district court correctly conducted the first step of the analysis by substituting the amended guideline range for the original sentencing guideline range. *See Bravo*, 203 F.3d at 780. Contrary to Defendant's assertion on appeal that the district court did not calculate his

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

amended guideline range under Amendment 782, the district court explicitly stated that Amendment 782 reduced Defendant's guideline range.[4]

Although Defendant was eligible for a sentence reduction, the district court did not abuse its discretion by concluding that a reduction was not warranted based on the § 3553(a) factors. As correctly noted by the district court, Defendant committed the present drug offenses while attempting to illegally re-enter the United States, and Defendant had previously been deported after his convictions for burglary of a conveyance, aggravated assault with a deadly weapon, and manslaughter with a firearm. The circumstances surrounding the present drug offenses involved Defendant throwing two bags containing 60.12 kilograms of cocaine from a boat headed toward the United States, while the operator of the boat attempted to flee law enforcement. What's more is that Defendant was wearing a body armor vest during the commission of the drug offenses. Defendant also had a lengthy criminal record, including several violent crimes, which extended back to when he was 11 years old.

We also reject Defendant's argument that the district court abused its discretion by failing to consider his rehabilitative conduct. While the district court was permitted to consider post-sentencing conduct, it was not required to do so.

---

[4] Indeed, Defendant's original guideline range was 235 to 293 months' imprisonment. However, Amendment 782 reduced his offense level from 36 to 34, which, when combined with his criminal history category of III, his amended guideline range was 188 to 235 months' imprisonment. *See* U.S.S.G. App. C, Amend. 782 (2014); *see also Bravo*, 203 F.3d at 780.

*See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) ("[T]he district court . . . may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction."); U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)).  And although the district court did not explicitly discuss each § 3553(a) factor, the record shows that the district court considered the relevant factors, given its reference to the § 3553(a) factors and its statements regarding Defendant's criminal history and the nature and circumstances of the present drug offenses.  *See Williams*, 557 F.3d at 1256 (stating that the district court need not discuss each factor, so long as the record demonstrates that the relevant factors were considered).  Accordingly, the district court's decision to deny Defendant's motion for a sentence reduction was not an abuse of discretion.

**AFFIRMED**.