[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14512
Non-Argument Calendar

_____

D.C. Docket No. 1:02-cr-00079-JB-S-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CECIL SHAVERS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 2, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Cecil Shavers appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that the statutory sentencing factors weighed against granting Shavers a sentence reduction. *See id.* § 3553(a). We affirm.

Shavers moved to reduce his sentence based on the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). He sought a reduction based on his age of 62, his medical conditions, his race, and the spread of COVID-19 in FCC Coleman-Medium. Shavers, who admitted before sentencing to abusing alcohol and drugs, including methamphetamine, alleged that he had several medical conditions and problems with segments of his hands, legs, and head that had been damaged during two different explosions. Shavers also alleged that he had served more than half of his sentence of 272 months of imprisonment for armed bank robbery and for using a firearm during that crime of violence, *see* 18 U.S.C. §§ 2113, 924(c)(1)(A), 2, that he was scheduled for release in 2031, and that he had spent a majority of his last 27 years in prison. The government opposed Shavers' motion and submitted a statement from the Bureau of Prisons about its practices to combat COVID-19 and Shavers's medical records, which catalogued his history of colonic polyps; his treatment for hypertension, a leg infection, and a genital sore; and his diagnoses for hypertension, headaches, and hemorrhoids.

The district court denied Shavers's motion "after [its] complete . . . review on the merits." The district court determined that, "[a]lthough Shavers' medical conditions, when considered in conjunction with the Covid-19 pandemic . . . ma[de] him eligible for compassionate release consideration, . . . the relevant § 3553(a) factors supports a denial of his release." The district court explained that Shavers's "crimes warranted a sentence of 272 months' imprisonment" and "[t]he same remains true today" because his "criminal history demonstrates a pattern of disregard for the law and a willingness to resort to violence" and "support[s] a finding that he is a danger to the community." The district court stated "that early release would fail to reflect the seriousness of [Shavers's] offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public."

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id*. (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

3

A district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement for section 3582(c) requires the district court also to determine that the prisoner is not a danger to the safety of others or the public, *see id.* § 3142(g), before reducing a sentence. U.S.S.G. § 1B1.13.

The district court did not abuse its discretion by denying Shavers's motion. The district court acknowledged that Shavers was eligible for a sentence reduction, but it reasonably determined that a reduction was unwarranted. The district court identified the sentencing factors that supported its decision and explained why those factors weighed against early release. It accorded substantial weight to Shavers's criminal history, which included convictions for 9 robberies, most of which involved the use of a firearm, and third-degree burglary, and reasoned that his recidivism proved that he posed a danger to the public. We cannot say that

4

either determination—that the sentencing factors weighed against early release or that Shavers remained a danger to the community—was an abuse of discretion.

Shavers's challenges to the adverse ruling fail. He contests the substantial weight given to his prior convictions, but "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court," *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Shavers failed to submit his recent medical records or evidence about his rehabilitation in a timely fashion to the district court. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has 'repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'"). And Shaver's challenge to his classification as a career criminal, even if it had been timely submitted to the district court, falls outside the scope of a section 3582(c) proceeding. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("A sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a *de novo* resentencing.").

We **AFFIRM** the denial of Shavers's motion for compassionate release.